**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| MUNSCH HARDT | § | |
| KOPF & HARR P.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:06-CV-01099 |
| | § | |
| EXECUTIVE RISK SPECIALTY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are the parties' cross-motions for summary judgment.  For the reasons set forth below, the Court GRANTS Executive Risk Specialty Insurance Company's Motion for Summary Judgment and DENIES Munsch Hardt Kopf & Harr P.C.'s Motion for Summary Judgment.

## I. FACTUAL BACKGROUND

This dispute concerns coverage of Munsch Hardt Kopf & Harr P.C. ("Munsch") under a policy issued by Executive Risk Specialty Insurance Company ("Executive Risk").  Executive Risk issued an Employment Practices Liability Insurance policy to Munsch for the period beginning June 10, 2001 and ending June 10, 2002.  The policy is a claims-made policy, which obligated Executive Risk to pay any defense expenses and losses in excess of $75,000 for any claim first made against Munsch during the policy period.  The policy defines "claim" as "any judicial, administrative or other proceeding against any Insured for any Employment Practices Wrongful Act," and defines "related claims" as "all claims based on, arising out of, directly or

1

indirectly resulting from, in consequence of, or in any way involving the same or related facts, circumstances, situations, transactions, or Employment Practices Wrongful Acts."  Under section V(C)(2) of the policy, all related claims are "treated as a single Claim made at the time the first of such Related Claims was made in accordance with CONDITION C(1)."  Section V also includes a strict notice provision that required Munsch to notify Executive Risk in writing of any claims made against it "as soon as practicable and in no event later than sixty (60) days after such Claim is first made as determined pursuant to CONDITION (C)(1)."

On July 13, 2001, Jacqueline Butler, a Munsch employee, filed a Charge of Discrimination with the Texas Commission on Human Rights and the Equal Employment Opportunity Commission ("EEOC").[1]  The EEOC contacted Munsch about Butler's charge on July 13, 2001, and Munsch responded on August 22, 2001.  On April 23, 2002, the EEOC notified Butler of her right to sue, and she filed suit on July 19, 2002 in state court.  Butler's suit was based on the same facts contained in her EEOC charge.  On July 24, 2002, Munsch notified Executive Risk of Butler's suit, and Executive Risk denied coverage on August 21, 2002 because Munsch failed to notify Executive Risk within sixty days of receiving Butler's EEOC charge. Munsch filed suit in this court against Executive Risk on June 21, 2006 to recoup its legal fees in defense of Butler's claim.

## II. ANALYSIS

### A. Standard of Review

Summary judgment is warranted when the facts, as reflected in the pleadings, affidavits, and other summary judgment evidence, show that no reasonable trier of fact could find for the

---

[1] Butler alleged she had been denied a promotion because of her race.

2

nonmoving party as to any material fact.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986); *Pourgholam v. Advanced Telemarketing Corp.*, No. 3:01-CV-2764-H, 2004 U.S. Dist. LEXIS 10659, at *2–3 (N.D. Tex. June 9, 2004).  "The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins.*, 140 F.3d 622, 625 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 322–25).  Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate. *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991).

The nonmovant is then required to go beyond the pleadings and designate specific facts proving that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  That party may not rest on conclusory allegations or denials in its pleadings that are unsupported by specific facts. FED. R. CIV. P. 56(e).  The court must review all evidence in the record, giving credence to evidence favoring the nonmovant as well as "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses," and disregarding evidence favorable to the movant that the jury would not be required to believe. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 152 (2000).  Further, "the court must draw all justifiable inferences in favor of the nonmovant." *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 338 (5th Cir. 2005) (citing *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993)).

In determining whether genuine issues of material fact exist, "factual controversies are

3

construed in the light most favorable to the nonmovant, but only if both parties have introduced

evidence showing that a controversy exists." *Lynch*, 140 F.3d at 625. "If the record, taken as a

whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine

issue for trial." *Friou v. Phillips Petroleum Co.*, 948 F.2d 972, 974 (5th Cir. 1991). However, in

the absence of proof, a court will not conclude that the nonmoving party could prove the required

facts. *Lynch*, 140 F.3d at 625. Further, the party opposing summary judgment must do more

than simply show some "metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at

586.

### B. Choice of Law

Because jurisdiction over this suit is predicated on diversity of citizenship of the parties,

the rules of the forum state determine which state law to apply. *Klaxon Co. v. Stentor Elec. Mfg.*

*Co.*, 313 U.S. 487, 496–97 (1941); *Alberto v. Diversified Group, Inc.*, 55 F.3d 201, 203 (5th Cir.

1995). Texas law provides that an insurance policy payable to a Texas resident provided by an

insurer doing business in Texas is governed by Texas law. TEX. INS. CODE ANN. art. 21.42

(Vernon 2007). Munsch is a Texas resident and Executive Risk does business is Texas;

therefore, Texas law governs this dispute.

### C. Insurance Coverage

Executive Risk's Motion for Summary Judgment contends that Munsch's notice of

Butler's claim was not timely because it was given more than sixty days after Munsch received

notice of Butler's EEOC charge. Munsch contends that its notice to Executive Risk was timely

because it was within sixty days of receiving notice of Butler's Complaint. Because the Court

concludes that Munsch failed to comply with the policy's notice provisions, Executive Risk's

4

Motion for Summary Judgment is granted and Munsch's Motion for Summary Judgment is denied.

Under Texas law, the interpretation of an insurance policy is a matter of law left to the court. *Lubbock County Hosp. Dist. v. Nat'l Union Fire Ins. Co.*, 143 F.3d 239, 241–42 (5th Cir. 1998). The insurance policy must be read as a whole, giving effect to each provision; no provision may be read in isolation. *Tex. Farm Bureau Mut. Ins. Co. v. Sturrock*, 146 S.W.3d 123, 134 (Tex. 2003). If a policy provision may be reasonably interpreted in more than one way, that provision must be construed in favor of the insured if such a construction is reasonable. *Feiss v. State Farm Lloyd's*, 202 S.W.3d 744, 746 (Tex. 2006). If a policy provision is susceptible of only one reasonable interpretation, however, it is unambiguous and must be enforced as written. *Id.*; *see also Lubbock County Hosp. Dist.*, 143 F.3d at 242.

There are two traditional types of insurance policies: occurrence policies and claims-made policies. *Matador Petrochemical Corp. v. St. Paul Surplus Lines Ins. Co.*, 174 F.3d 653, 658-59 (5th Cir. 1999). Coverage under an occurrence policy is based on the triggering event; notice is subsidiary to that event, and coverage may not be denied on the basis of untimely notice unless the delay prejudiced the insurer. *Id.* Under a claims-made policy, however, notice to the insurer is the triggering event and is a condition precedent to coverage. *Id.* The notice provisions of such policies are therefore strictly construed; otherwise, the insured would receive coverage that was not bargained for. *Id.*; *see also Komatsu v. U.S. Fire Ins. Co.*, 806 S.W.2d 603, 607 (Tex. App.—Fort Worth 1991, writ denied). As the policy at issue was a claims-made policy, the notice provisions contained in section V(B) will be strictly construed.

1. *The Relationship Between Butler's EEOC Charge and Civil Complaint*

When terms are specifically defined in the policy, those definitions govern the policy's interpretation. *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 219 (Tex. 2003). Here, the policy defined "claim" and "related claims" in Section II(B) and (M), respectively. Butler's EEOC charge and the Complaint she filed in state court are both "claims" under the policy, because they initiated an administrative and judicial proceeding, respectively, against Munsch for discrimination. Since both claims arose out of the same facts and circumstances, they are "related claims." Under section V(C)(2), a related claim must be treated as a single claim; therefore, Butler's EEOC charge and Complaint must be treated as a single claim.

2. *Relationship Between the Notice Provisions and the Timing Provisions*

The notice provision in section V(B)(1) required that Munsch, as a condition precedent to coverage, notify Executive Risk, in writing, of a claim no later than sixty days after that claim is first made, as determined under section V(C)(1) of the policy. The dispute in this case focuses on the relationship between section V(B)(1) and section V(C)(2). Executive Risk argues that section V requires notice within sixty days of Munsch's receipt of Butler's EEOC charge; Munsch argues that Section V requires notice within sixty days of receipt of Butler's Complaint, irrespective of the EEOC charge. Munsch bases this reading on the fact that the notice requirement in section V(B)(1) explicitly references section V(C)(1) to determine when a claim has been first made, but does not reference section V(C)(2).

The Court does not accept Munsch's interpretation of the notice provision in section V(B)(1) and its relationship to section V(C)(2). Butler's EEOC charge and Complaint are "related claims" under section II(M), and are therefore treated as a single claim—the "Butler

6

claim"—under section V(C)(2).  To determine when that claim was first made, one must consult

section V(C)(2), which provides that the claim was first made when the first of the two related

claims, Butler's EEOC charge, was made, by reference to section V(C)(1).  Under section

V(C)(1), Butler's EEOC charge—and therefore the Butler claim—was first made when Munsch

was notified of Butler's EEOC charge, on July 13, 2001.  Therefore, under section V(B)(1),

Munsch was required to notify Executive Risk of the claim no later than sixty days after July 13,

2001.  Because section V(C)(2) provides only how related claims are to be treated, and does not

determine when the claim was first made, it is unreasonable to read the notice provision as

Munsch contends.

Fifth Circuit precedent mandates this conclusion.  In *Specialty Food Systems, Inc. v.

Reliance Insurance Co. of Illinois*, the court held that, under a liability insurance policy with a

similar definition of "claim" and a similar notice requirement, an EEOC charge is a "claim" for

the purpose of coverage.  45 F. Supp. 2d 541, 544 (E.D. La.), *aff'd mem.*, 200 F.3d 816 (5th Cir.

1999).  The policy in that case required, as a condition precedent to coverage, that a claim first

made against the insured during the policy period must be reported no later than sixty days after

the policy expires. *Id.* at 542.  The insured received a former employee's EEOC charge during

the policy period but failed to notify the insurer within sixty days of the policy's expiration. *Id.* at

542–43.  Like Munsch, that insured sought coverage for the employee's subsequent civil suit

(which was filed during the period of another insurance policy), and, like Munsch, the insured

argued that the EEOC charge was not a claim for the purpose of coverage.  *Id.* at 543–44.  The

court disagreed, holding that the EEOC charge was a claim and that the insured was therefore not

entitled to coverage as a matter of law because it failed to provide notice within sixty days of the

expiration of the subject policy. *Id.*

The Court also rejects Munsch's reading of the policy because it would result in a selective application of section V(C)(2), in violation of principles applicable to the construction of insurance policies. At the outset, Munsch applies section V(C)(2) to related claims to determine policy coverage, but not to determine notice. Munsch urges that the Butler claim was first made on July 13, 2001, for the purpose of arguing coverage under the subject policy, which only covers claims first made between June 10, 2001 and June 10, 2002, but then rejects application of that date to the notice requirement of section V(B)(1). Such a reading improperly isolates section V(C)(2) and, in the Court's view, is unreasonable. *See Tex. Farm Bureau Mut. Ins. Co.*, 146 S.W.3d at 134; *Komatsu*, 806 S.W.2d at 607.

Munsch contends that if Executive Risk's interpretation of the notice requirement and section V(C)(2) is adopted, it will lead to the absurd result of some insureds being denied coverage for failing to report a claim of which they had no knowledge when notice was required. In addition to insuring Munsch as an entity, the policy extends insurance coverage to partners and other Munsch employees.

The policy's language requires this result. "Related claims" is defined without reference to who in the Munsch organization is complained of, nor does any part of section V(C) do so. The notice provision in section V(B)(1) specifically requires notice of a claim made against *any* insured, and section V(L)(1) authorizes and obligates Munsch to "act on behalf of the Insureds with respect to all matters under this Policy, including but not limited to giving and receiving notices. . . ." These provisions indicate that the parties intended for coverage of any insured to be contingent on Munsch providing timely notice to Executive Risk.

The Sixth Circuit reached a similar result under a similar insurance policy. *United States v. Strip*, 868 F.2d 181, 187–188 (6th Cir. 1989). In *Strip*, the court concluded that a professional liability insurer did not owe a law firm coverage because Strip had failed to provide timely notice of the claim, even though others at his law firm had not known of the earlier claim. *Id.* Because the claim against the law firm was the same claim as the claim against Strip, the court concluded that the plain language of the policy conditioned the insurer's obligation to the firm on the insurer's obligation to Strip. *Id.* at 188. Since Strip had failed to provide timely notice of the claim, the insurer owed neither Strip nor his law firm coverage. *Id.* Similarly, Executive Risk's obligation to Munsch employees is contingent on its obligation to Munsch, and since it does not owe Munsch coverage, neither does it owe Munsch employees coverage.[2]

Since Munsch did not notify Executive Risk of Butler's claim against it until July 24, 2002, more than sixty days after the claim was first made, it did not comply with the policy's notice provision. Because proper notice is a condition precedent to coverage under a claims made policy such as this, as a matter of law, Munsch is not entitled to coverage under the policy for the Butler claim. *See Matador Petrochemical Corp.*, 174 F.3d at 658–59. Executive Risk's Motion for Summary Judgment is therefore GRANTED, Munsch's Motion for Summary Judgment is DENIED, and Munsch's claims are DISMISSED WITH PREJUDICE.

---

[2] Munsch is the only plaintiff in this suit; the reference to coverage of Munsch employees is solely hypothetical to resolve Munsch's objection to this reading of the policy.

**SO ORDERED**.

March 8, 2007.

_____

**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**